Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 94 C 5491 | **DATE** | MAR 17 2000 |
| **CASE TITLE** | Linda Place vs. Abbott Laboratories | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's Motion for Reconsideration of this Court's Ruling on Attorneys' Fees and Costs [#293-1]
Plaintiff's Third Supplemental Bill of Costs [# 299]
Plaintiff's Supplemental Motion for Non-Taxable Expenses [# 306-1, 306-2]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    For the reasons stated in the attached Memorandum Opinion and Order, Plaintiff's Motion for Reconsideration of this Court's Ruling on Attorneys' Fees and Costs [#293-1] is GRANTED. Accordingly, this Court's August 17, 1999, Memorandum Opinion and Order is amended to the extent that Plaintiff's attorneys' fee award for the work performed by Kahan prior to January 1, 1998, will be in the amount of $71,425.00 instead of $22,737.50. In addition, Plaintiff is entitled to reimbursement for $46.49 of her Third Supplemental Bill of Costs [# 299] and $69.74 of her Supplemental Motion for Non-Taxable Expenses [# 306-1, 306-2].

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | MAR 20 2000 date docketed | |
| X | Docketing to mail notices. | | | | 320 |
| | Mail AO 450 form. | | | IS docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| dc(lc) | courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Linda Place,                    )
                                )
            Plaintiff,          )
                                )   No. 94 C 5491
    v.                          )
                                )   HONORABLE DAVID H. COAR
Abbott Laboratories,            )
                                )
            Defendant.          )

**MEMORANDUM OPINION AND ORDER**

Before this court are Linda Place's ("Place") (1) Motion to Reconsider this Court's August 17, 1999, ruling on Place's prior Motion for Attorneys' Fees and Costs, (2) Third Supplemental Bill of Costs; and (3) Supplemental Motion for Nontaxable Expenses and Taxable Costs.

**I. Standard for Fees Pursuant to 42 U.S.C. §§ 1988 and 2000e-5(k)**

Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e et seq., awards fees to prevailing civil rights plaintiffs. 42 U.S.C. § 2000e-5(k). To determine an appropriate fee award, a court must first multiply the hours reasonably expended by a reasonable hourly rate to arrive at the lodestar, which equals "an initial estimate of the value of a lawyer's services." Jackson v. Illinois Prisoner Rev. Bd., 856 F.2d 890, 894 (7th Cir. 1988). Calculating the lodestar entails eliminating all hours claimed that are either not "reasonably expended" or "inadequately

explained." Spanish Action Comm. of Chicago v. City of Chicago, 811 F.2d 1129, 1138 (7th Cir. 1987). Thereafter, the court must the adjust the lodestar to reflect the results obtained. On the one hand, time expended on unsuccessful claims that are unrelated to the ultimate result achieved are not compensable. Bryant v. City of Chicago, 200 F.3d 1092, 1101 (7th Cir. 2000). A claim is unrelated if it is "distinct in all respects" and "based on different facts and legal theories." Id. (quoting Hensley v. Eckerhardt, 461 U.S. 424, 440, 103 S. Ct. 1933, 1943 (1983); Spanish Action Comm., 811 F.2d at 1133). In contrast, claims that "involve a common core of facts or are based on related legal theories such that counsel's time will be devoted generally to the litigation as a whole" are related and compensable even if they are not ultimately successful. 856 F.2d at 894.

Once the unsuccessful, unrelated claims are eliminated from the calculation of awards, the court must then tailor the compensable hours for related claims to reflect the "significance of the overall relief obtained." Id. (citing Hensley, 461 U.S. at 435, 103 S. Ct. at 1940). Generally, where the plaintiff has achieved "excellent results" and obtained "substantial relief," her attorney should recover a fully compensatory fee encompassing all hours reasonably expended on the litigation. Spanish Action Comm., 811 F.2d at 1133. If, however, the relief, no matter how significant, is "limited in comparison to the scope of the litigation as a whole," a reduced fee award is appropriate. Bryant, 200 F.3d at 1101.

In reducing a fee award, this Court may identify the specific hours to be eliminated or, in the alternative, make an across-the-board reduction to account for the limited success of the plaintiff. Id., 200 F.3d at 1102. The courts have not articulated a precise formula for reducing a fee award, instead, leaving the matter to the discretion of the trial court. Id. Nevertheless, the

trial court must provide a "clear explanation reflecting its consideration of the relationship between the relief sought and the results obtained." Jackson, 856 F.2d at 894.

## II. Discussion

A. Motion to Reconsider Ruling on Attorneys' Fees and Costs

Place urges the Court to reconsider the August 17, 1999, Memorandum Opinion and Order regarding Place's attorneys' fees. She relies on Rule 60(b) of the Federal Rules of Civil Procedures, which provides that a party may be relieved from an order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. Pro. 60(b)(1). The decision to grant or deny a motion for reconsideration under Rule 60(b) is committed to the discretion of this Court. Kunik v. Racine County, Wisconsin, 106 F.3d 168, 172 (7th Cir. 1997).

On July 28, 1999, Place filed a motion ("July motion") to recover attorneys' fees and costs for the work performed, in part, by her former counsel, Penny Nathan Kahan ("Kahan"). Although Place submitted the correct billing records to this Court as an attached exhibit to the July motion, her brief incorrectly summarized the fees incurred in connection with the prosecution of her discrimination suit. Rather than reporting to the Court that her former counsel had expended 376.65 hours working on this case prior to January 1, 1998, Place reported a figure of 90.95 hours. In arriving at the erroneous figure, Place inadvertently relied on a letter from her former counsel. Apparently, Kahan, in a letter dated November 11, 1998, transposed the pre- and post- January 1998 figures.

In an August 17, 1999, Memorandum Opinion and Order ("August ruling"), this Court awarded Place fees for 90.25 hours of Kahan's pre-January 1998 hours. In determining that

-3-

Place be reimbursed for 90.25 hours, this Court relied on the figure reported by Place in her July motion. Furthermore, the Court noted the fact that the parties did not contest this amount.[1] Place v. Abbott Lab., No. 94 C 5491, 1999 WL 675301, at *2 (N.D. Ill. Aug. 18, 1999).

At trial, Place succeeded on her claim of retaliation against Abbott. As a prevailing party, then, Place, or more precisely, Kahan, is entitled to a fee award. Although Place did indeed recover fees for Kahan's work pre-January 1998, the amount granted in this Court's prior opinion, it has now been discovered, was substantially understated. In light of the circumstances, this Court will reconsider its August ruling. Kahan withdrew from the case on April 2, 1999. Thus, Place was forced to proceed pro se on the July motion for attorney's fees and costs. Because she was not in communication with Kahan at the time of the fee petition, Place erroneously relied on Kahan's November 11, 1998 letter containing the initial fee disclosure. Place failed to cross-check the figures included in the letter with the actual billing records. Although she could have been more thorough, Place, as the prevailing party, is entitled to the proper fee award. Place's reliance on the letter submitted by Kahan constitutes excusable neglect.[2] See Webb v. James, 147 F.3d 617, 622 (7th Cir. 1998) ("Determining whether [an

---

[1] In fact, in a Joint Statement of Agreed and Contested Matters submitted with the July motion, the parties agreed that 90.25 hours was appropriate.

[2] Abbott's objections to Place's motion are misdirected. Abbott argues that motions for reconsideration "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." (Def. Obj. at 1). Because the instant case does not fall into either category, Abbott insists, Place's motion must be denied. Abbott's proposition is true, but only qualifiedly so. In order to alter a judgment under Rule 59(e) of the Federal Rules of Civil Procedure, a court must find that there exists newly discovered evidence or a manifest error of law or fact. Russell v. Delkco Remy Div. of General Motors Corp., 51 F.3d 746, 748 (7th Cir. 1995). Rule 60(b), however, does not require such a showing. Rather, Rule 60(b) permits relief from judgment in the event of "mistake, inadvertence, surprise, or excusable neglect."

-4-

attorney's error] was excusable was within the sound discretion of the district court.") Pursuant to Rule 60(b)(1), Place's motion for reconsideration of attorney's fees is thereby granted. See Fed R. Civ. Pro. 60(b)(1) (granting relief from judgment where party can make a showing of excusable neglect).

As to the amount that she is due for Kahan's pre-January 1998 work, Place requests 376.65 hours at an hourly rate of $250 for a total of $94,162.50. The Court's calculations, based on Kahan's Account Billing Worksheet, however, show that Kahan billed a total of 285.7 hours. Therefore, that figure will be used as to determine the lodestar. In addition, Abbott does not claim that Kahan's $250 hourly rate is an unreasonable amount for an attorney of her ability and experience.[3] See Place, 1999 WL 675301, at *3. Accordingly, the lodestar in this case is 285.7 hours multiplied by the hourly rate of $250, which equals $71,425.00.

Although they could have been more detailed, Kahan's billing records were sufficiently specific so as to enable the Court to determine that her hours were reasonably expended. Kahan's involvement in this case began on October 4, 1997, when she first reviewed documents relating to this case. Initially, Kahan billed a handful of hours a day and as the case progressed, her involvement in the case intensified. Billing 285.7 hours for three months of work in a Title VII case, especially where the trial lasted for two weeks (from December 8 when the jury was selected until the verdict was returned on December 19), was not unreasonable.

---

[3] In fact, except for a footnote generally attacking the basis for the claimed fee, Defendants do not devote any detailed attention to contesting the appropriateness of the claimed fee award. See Def.'s Obj. to Reconsid. at 6n.4.

At trial, Place advanced two claims: retaliation and sexual harassment in violation of Title VII.[4] Although she was awarded a jury verdict of $389,656.00 in lost wages and benefits and $125,000.01 in compensatory damages for her claim of retaliation, she lost her claim of sexual harassment. The two claims, however, involved a common core of facts such that it can be presumed that Kahan worked on the litigation as a whole. See Jackson, 856 F.2d at 894. See also Spanish Action Comm., 811 F.2d at 1133 (stating that if a lawyer "presents a congerie of theories each legally and factually plausible, he is not to be penalized just because some, or even all but one, are rejected, provided that the one or ones that succeed give him all that he reasonably could have asked for"). Moreover, judgment was entered in Place's favor in the amount of $514,656.01, a significant victory. See 811 F.2d at 1133. Thus, even though Place was unsuccessful on her harassment claim, she will not be penalized with respect to her attorneys' fee award. Therefore, Kahan is entitled to be reimbursed for $71,425.00 for her work in the underlying case prior to January 1, 1998.

---

[4] Although Abbott notes that Place only prevailed on one of six claims pursued, it is important to observe that four of the original six counts asserted in her complaint were dismissed at the summary judgment stage, before Kahan's involvement in this case. Accordingly, Kahan's claim of fees only derives from her work in connection with the trial. Because the claimed fee award does not encompass work involved in the other dismissed claims, an analysis of the "unsuccessful" claims in this case must be limited to the claims presented at trial; namely, the retaliation and harassment claims.

B. Third Supplemental Bill of Costs

Place also submits to this Court a Third Supplemental Bill of Costs. She requests reimbursement totaling $105.97 for photocopy expenses incurred in connection with this litigation.

Attorneys are entitled to recover expenses if they prevail in civil rights cases. See 42 U.S.C. § 1988; 42 U.S.C. §2000e-5(k). See also Downes v. Volkswagon of America, Inc., 41 F.3d 1132, 1144 (7th Cir. 1994); Henry v. Webermeier, 738 F.2d 188, 192 (7th Cir. 1984). The reimbursed expenses, however, must be "reasonable and necessary to the litigation." NFLC, Inc. v. Devcom Mid-America, Inc., 916 F. Supp. 751, 762 (N.D. Ill. 1996) (citing Weilhaupt v. American Medical Ass'n, 874 F.2d 419, 430 (7th Cir. 1989)).

Abbott objects to two specific charges. First, Abbott contends that Place unnecessarily made extra copies of her July motion. The Court agrees. Place seeks reimbursement for five sets of copies and 6 binding charges. In addition to the original which Place could retain for her files, it was reasonable to make three extra sets of the July motion– one for the Clerk of the Court, one for service upon Abbott, and a courtesy copy for this Court. Extra copies for the convenience of the attorneys are considered unnecessary. Id. at 763. Place will be allowed to recover for three sets of copies and four binding charges.[5]

Second, Abbott refutes Place's claim for $6.07 for photocopy charges related to her Third Party Citation to Discover Assets. Indeed, Place's citation was quashed by this Court. See

---

[5] Place seeks $63.28 for five sets of copies and $20.70 for 6 binding charges, totaling $87.24, including tax. Her recovery will be reduced to reimbursement for three sets of copies and four binding charges, totaling $53.41.

Minute Order of 8/17/99 by Hon. David H. Coar. Therefore, Abbott will not be required to pay these charges.

In sum, Place's Third Supplemental Bill of Costs will be reduced by $59.48, thereby allowing her a recovery of $46.49.

C. Supplemental Motion for Non-Taxable Expenses and Taxable Costs

Finally, Place moves the Court for an award of $239.81 for non-taxable expenses. She enumerates charges for postage, recording fees, and travel incurred in connection with the prosecution of her case.

With respect to this final motion, Abbott asserts that Place's supplemental request should be denied in its entirety. Because pro se attorneys are not entitled to fees under civil rights fee-shifting statutes, they should not recover related costs either, argues Abbott. (Def. Obj. at 1, citing Kay v. Ehrler, 499 U.S. 432, 111 S. Ct. 1435 (1991)). Abbott's argument is misplaced. As Abbott acknowledges, reasonable out-of-pocket expenses, including postage and travel expenses are recoverable incident to an award of attorney's fees. Yet Abbott attempts to distinguish the instant case because Place seeks reimbursement for expenses incurred by her personally, as opposed to by a former attorney. (Def. Obj. at 2). Indeed, the Supreme Court held that pro se attorneys were not entitled to fees in civil rights cases. Kay, 499 U.S. at 437, 111 S. Ct. at 1437. Elaborating on its holding, the Court stated:

> A rule that authorizes awards of counsel fees to pro se litigants— even if limited to those who are members of the bar— would create a disincentive to employ counsel whenever such a plaintiff considered himself competent to litigate on his own behalf. The statutory policy, of furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every case.

Id. 499 U.S. at 438, 111 S. Ct. at 1438.

Withholding costs, as opposed to fees, from a pro se attorney does not create an incentive for pro se litigants to employ counsel as much as it creates-- in cases where a pro se litigant must proceed without counsel-- a disincentive to prosecute the claim at all. Such a rule, then, would contravene the High Court's express reasoning for withholding fee awards. Consequently, this Court declines to extend Kay v. Ehrler's ruling to costs. Accord Whalen v. Internal Revenue Serv., No. 92 C 4841, 1993 WL 532506, at *12 (N.D. Ill. Dec. 20, 1993) (awarding costs to pro se attorney in Freedom of Information Act case where "litigants are appropriately encouraged to litigate meritorious claims by an award of costs" even if they are not authorized to receive fee awards).

In the alternative, Abbott attacks certain expenses claimed by Place. Specifically, Abbott notes that Place's claims for $20.47 in postage charges and $23.73 in travel expenses all relate to her Third Party Citation to Discover Assets. Place asserts that she succeeded in locating and freezing funds at Abbott's bank, resulting in this Court's order that Abbott file a one million dollar appeal bond. Contrary to Place's account, this Court quashed Place's Third Party Citation, and it was Abbott, not Place, who suggested that they file a bond in an amount to be determined by the Court. Therefore, Abbott will not be required to reimburse Place for her expenses in preparing and serving these inappropriate Third Party Citations. Similarly, Place's recordation of her judgment in two different counties was unnecessary, and Abbot will be relieved of that $70.50 burden as well.

Furthermore, Abbott points out that several of Place's claimed travel expenses, totaling $47.46, were incurred for the sole purpose of filing various post-judgment motions. Under the

Local Rules, a litigant is permitted to file by mail. Thus, it was unnecessary for Place to personally deliver her filings to the courthouse. Accordingly, reimbursement of those extraneous expenses will be denied. Accord NFLC, Inc. v. Devcom Mid-America, Inc., 916 F. Supp. 751, 766 (N.D. Ill. 1996) (rejecting claim for cab fare incurred during month in which "the only legal services performed were the preparation and filing of the appellate brief, so the Court can only assume that this is not the type of travel expense allowable as costs"). Likewise, Place cannot recover for $7.91 in train fare for a trip she merely anticipated taking on November 3, 1999 to present the instant motion, filed on November 1, 1999.

Therefore, Place's Supplemental Motion for Non-Taxable Expenses and Taxable Costs is reduced by $170.07. Abbott is thereby ordered to reimburse Place for $69.74 for her non-taxable expenses.

## III. Conclusion

For the foregoing reasons, Place's Motion for Reconsideration of this Court's Ruling on Attorneys' Fees and Costs is granted. This Court's August 17, 1999, Memorandum Opinion and Order is amended to the extent that Place's attorneys' fee award for the work performed by Kahan prior to January 1, 1998, will be in the amount of $71,425.00 instead of $22,737.50. In addition, Place will be reimbursed for $46.49 of her Third Supplemental Bill of Costs and $69.74 of her Supplemental Motion for Non-Taxable Expenses.

**Enter:**

**David H. Coar**

**United States District Judge**

Dated: MAR 17 2000